# United States Court of Appeals for the Fifth Circuit

———————

No. 24-10809
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

March 7, 2025

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

EDGAR MARTINEZ-RODRIGUEZ,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:23-CR-434-1

———————————————————

Before DAVIS, STEWART, and SOUTHWICK, *Circuit Judges*.

PER CURIAM:[*]

Edgar Martinez-Rodriguez appeals following his guilty plea conviction for illegal reentry after removal from the United States in violation of 8 U.S.C. § 1326(a). He argues that the sentencing enhancement in § 1326(b) is unconstitutional because its application allowed a supervised release term above the statutory maximum based on facts that were neither

———————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

alleged in the indictment, found by a jury beyond a reasonable doubt, nor admitted by him. The Government moves for summary affirmance or, alternatively, an extension of time in which to file an appellate brief.

As Martinez-Rodriguez concedes, his argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). *See United States v. Pervis,* 937 F.3d 546, 553-54 (5th Cir. 2019); *see also Erlinger v. United States*, 602 U.S. 821, 838 (2024) (explaining that *Almendarez-Torres* "persists as a narrow exception permitting judges to find only the fact of a prior conviction" (internal quotation marks and citation omitted)). Summary affirmance is thus appropriate. *See Groendyke Transp.*, *Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Accordingly, the Government's motion for summary affirmance is GRANTED, the alternative motion for an extension of time is DENIED, and the judgment of the district court is AFFIRMED.